United States Court of Appeals,

Fifth Circuit.

No. 93-7360

Summary Calendar.

Pete FALCO, SSN XXX-XX-9336, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.

July 29, 1994.

Appeal from the United States District Court for the Southern
District of Texas.

Before WISDOM, GARWOOD and EMILIO M. GARZA, Circuit Judges.

WISDOM, Circuit Judge:

The issue presented by this appeal is whether substantial
evidence exists to support the Secretary's decision that the
appellant was not disabled within the meaning of the Social
Security Act and, thus, was not entitled to disability insurance
benefits. We answer in the affirmative and, accordingly, AFFIRM.

I.

The claimant in this case, Pete Falco, applied for
supplementary security benefits on August 23, 1989, pursuant to
Title II of the Social Security Act in compensation for an injury
to his back. His application was denied, both initially and after
reconsideration.

Falco requested and received a hearing before an
administrative law judge ("ALJ") who also determined that Falco was
not disabled within the meaning of the Social Security Act. In

particular, the ALJ concluded that, although Falco no longer could perform his previous job as a repossessor of mobile homes, he had the residual functional capacity to perform sedentary work. The Appeals Council denied Falco's request for review.

Falco then sought relief in federal district court. The magistrate judge to whom the case was assigned recommended upholding the decision of the agency. The district court adopted the report and recommendation of the magistrate judge in full, prompting Falco to take this appeal.

## II.

Falco seeks disability benefits for injuries he sustained in 1984 (he was 51 at the time). In January and again in February of that year, Falco injured his back. In April 1985, he had back surgery. His condition nonetheless deteriorated. Throughout the following two years, Falco complained of intense, debilitating pain in his lower back and left hip. He frequently used anti-inflammatory medicine and pain killers.

In April 1988, Falco underwent further diagnostic testing. The tests revealed spinal stenosis and degenerative changes in the lumbosacral spine. As time progressed, Dr. Glassman, his physician instructed Falco not to perform any work which required lifting, prolonged standing or sitting, walking, or driving. By the Spring of 1989, Falco had become obese and was virtually immobile.

Dr. Cannon, another examining physician, believed that Falco's condition rendered him "unemployable". Moreover, Cannon was concerned about Falco's dependence on the medication that he had

been taking.  Cannon lamented the fact that Falco displayed no motivation for retraining in an effort to return to gainful employment.[1]

Falco moved from his job as a repossessor of mobile homes to office work.  Nonetheless, Falco complained that he was in such intense pain that it was impossible for him to work even at a desk. The evidence suggests that, while at home, he routinely watched television for extended periods and he moved only from his bed to his couch or to the bathroom.  Only occasionally did he leave his house to dine out with friends.

### III.

This Court is but the last stop on Falco's long legal trip that began with his agency application and hearing process and ended in federal court.  At every stop he has received the same decision;  namely, that his condition did not satisfy the criteria for disability insurance.  We are sympathetic with Falco, but not to the point of closing our ears to the heavy chorus of voices rejecting his claims.  The decisions of the ALJ, Secretary, magistrate judge, and district court are sound.

As a starting point, we define our task.  We review the Secretary's decision to deny disability benefits by determining whether substantial evidence in the record supports the decision and, further, whether proper legal standards were used in

---

[1]Two consulting physicians concluded that Falco should be limited to lifting 20 pounds at one time and no more than 10 pounds frequently.  He could stand for up to six hours, with frequent rest periods (every 15-20 minutes) but was not to be required to stoop and crouch frequently.

evaluating the evidence.[2]  In *Richardson v. Perales*[3], the Supreme Court explained that substantial evidence is more than a scintilla and less than a preponderance.  It is of such relevance that a reasonable mind would accept it as adequate to support a conclusion.[4]

IV.

In evaluating a disability claim, the Secretary engages in a sequential series of five inquiries.  The claimant must satisfy the disability criteria at each juncture in order to receive benefits. In the matter before us, the ALJ terminated his analysis when he found that Falco did not meet the final criterion (Step V), which required a finding that "Claimant cannot perform relevant work".[5] Falco assigns two errors:  First, he takes exception to the ALJ's Step V finding and, second, he argues that the ALJ erroneously found that he was not within the Step III disability parameters.

We start with Falco's second contention.  The third step provides:

> Claimant's impairment meets or equals an impairment listed in the appendix to the regulations (if so, disability is automatic).[6]

The relevant appendix, to which the criterion refers, provides that

---

[2]*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir.1990).

[3]402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

[4]*Villa,* 895 F.2d at 1021-22.

[5]*Crouchet v. Sullivan,* 885 F.2d 202, 206 (5th Cir.1989).

[6]*Id.*

4

a finding of certain vertebrogenic disorders will constitute a disability.[7] To meet the Listing 1.05(C), the claimant must demonstrate the severity of his impairment with evidence of (1) pain, muscle spasm, and limitation of motion in the spine and (2) radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

The physicians diagnosed Falco as having spinal stenosis. No findings existed, however, that Falco suffered any severe neurological deficiencies.[8] The evidence indicated that Falco maintained good muscle strength and had no sensory deficits. The criteria in the medical listings are "demanding and stringent," as the district court aptly noted. Ample evidence supports the ALJ's conclusion that Falco's condition did not meet them.

Next, we analyze the court's Step V conclusion that Falco remained capable of performing alternate forms of work. Falco carried the burden of showing that he was unable to do so.[9] The focus at this stage is properly on Falco's "residual functional capacity".[10]

In the case at hand, the ALJ concluded that Falco was capable of performing sedentary work. Sedentary work is defined as:

> lifting no more than 10 pounds at a time and occasionally

---

[7]*See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.05(C).

[8]Falco apparently concedes as much. *See* Appellant's Brief at 10.

[9]*Anderson v. Sullivan,* 887 F.2d 630, 632-33 (5th Cir.1989).

[10]*See Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990).

lifting or carrying articles like docket files, ledgers, and small tools. * * * Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.[11]

The ALJ's conclusion was in accord with that of the two consulting physicians who stated that Falco was capable of sitting most of the day and lifting no more than 20 pounds occasionally or 10 pounds repetitively. In sum, the evidence supports the ALJ's finding that Falco could perform alternate work.

V.

Falco argues, however, that the ALJ failed to make and articulate credibility findings concerning Falco's subjective complaints of pain. It is true that pain can constitute a disabling impairment.[12] Pain constitutes a disabling condition when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment".[13] Hence, the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints.[14]

The ALJ fulfilled his obligation by expressly rejecting Falco's contention that his subjective pain was of a disabling nature. The ALJ stated:

Falco's subjective symptoms, including pain, are of only a mild to moderate degree and tolerable to claimant for the level of work, residual functional capacity and work limitations as found herein; and claimant's subjective complaints are found not to be fully credible but somewhat

---

[11]20 C.F.R. § 404.1567(a).

[12]*Cook v. Heckler,* 750 F.2d 391, 395 (5th Cir.1985).

[13]*Selders,* 887 F.2d at 618-19.

[14]*Scharlow v. Schweiker,* 655 F.2d 645, 648-49 (5th Cir.1981).

6

exaggerated.

The ALJ was well-founded in this conclusion. The evidence demonstrated that, while Falco undoubtedly experienced some pain, he was able to spend a great deal of time watching television or dining with friends; those activities are inconsistent with Falco's assertion that he could spend no more than 15-20 minutes sitting at a time. Moreover, Falco exhibited no external manifestations of debilitating pain such as marked weight loss. We are not unsympathetic to Falco's legitimate complaints of pain. Still, the ALJ's determination that Falco's pain was not so intense and persistent as to be disabling was supported by substantial evidence.

Falco urges that we adopt the Third Circuit's rule that an ALJ must articulate specifically the evidence that supported his decision and discuss the evidence that was rejected.[15] Although we find that this rigid approach is unnecessary, we have nonetheless set our own strictures that, we feel, effectively reach the same result.[16] In *Abshire v. Bowen*[17], for example, we explained that,

---

[15]*See Cotter v. Harris,* 642 F.2d 700, 705 (3rd Cir.), *reh'g denied,* 650 F.2d 481 (1981).

[16]Falco states that "*Cotter* was cited by the fifth circuit with approval in *Early v. Heckler,* 743 F.2d 1002, 1007 (5th Cir.1984)". Appellant's Brief at 16. This is a direct misrepresentation. First, the Fifth Circuit has never cited *Cotter* for that or any other proposition and, second, *Early* is a Third Circuit opinion—the proper cite is *Early v. Heckler,* 743 F.2d 1002, 1007 (3rd Cir.1984). We caution counsel to avoid these tactics, particularly if this was an intentional attempt to deceive the Court, but even if it was merely a sloppy oversight.

[17]848 F.2d 638, 642 (5th Cir.1988).

when the evidence clearly favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain.

Falco acknowledges that the ALJ gave a "pretty exhaustive list" of his findings. Falco, however, persistently argues that the ALJ's failure to explain his findings as to five objective signs of pain—weakness, addiction to narcotics, limping, knee giveway, and walking limitations—should constitute reversible error. We do not agree. The ALJ is bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain. He did so. That he did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.

As to those values, the present matter is a case in point. The ALJ concluded that several of the symptoms plaguing Falco were caused not by his injuries, but by his immobility due to his obesity. The ALJ further indicated that he found the claimant's subjective complaints exaggerated and not credible. The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make.[18]

## VI.

Last, Falco seeks to have this case remanded for

---

[18]We do not sit in *de novo* review nor may we re-weigh the evidence. *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir.1988). Moreover, the ALJ enjoys the benefit of perceiving first hand the claimant at the hearing.

consideration of additional evidence. We do so only if the claimant has shown good cause why the evidence in question was not presented in a prior proceeding.[19] If the claimant can show good cause, he then must show that the evidence is material and that it is new.

As for good cause, Falco contends that the ALJ falsely promised that Falco would have an additional opportunity to submit the evidence but rendered his decision before Falco could present the evidence. Second, Falco complains that he mailed this new evidence to the Appeals Council months before it rendered its decision. The record does not disclose whether the Appeals Council received the material.

Falco seeks to admit a report by Dr. Unal Gurol restricting Falco to lifting five pounds, walking and standing only five minutes at a time, and sitting for only 30 minutes. That report, however, is dated February 22, 1991—well outside the time frame in which the claimant applied for or was denied the benefits in question.

This Court has explicitly rejected this strategy in the past. We explained that

> it is implicit in the materiality requirement that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability *or of the subsequent deterioration of the previously non-disabling condition.*[20]

---

[19] 42 U.S.C. § 405(g).

[20] *Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir.1989) (internal quotations omitted) (emphasis added). Nothing in this decision, of course, bars the claimant from using the report to

The most that this report reflects is the fact that Falco's condition has deteriorated. His request for a remand is rejected.

## VII.

The judgment of the district court is AFFIRMED.

---

secure benefits for the time period it does cover.