IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50085
Summary Calendar
_____

SUZANNE MONK,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-679-SS
--------------------

January 11, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Suzanne Monk appeals the district court's affirmance of the Social Security Commissioner's denial of disability benefits. She contends that Administrative Law Judge (ALJ) did not consider the debilitating effect of Monk's lupus, Monk's difficulties with using her hands, or the disabling effect of the combination of all of Monk's impairments. She also argues that there was uncontested evidence from her treating physician that Monk's condition equaled a listed impairment. She lastly contends that the Commissioner did not carry its burden of demonstrating that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there were a significant number of available jobs in the national economy which Monk could perform.

Our review of the record reveals that the ALJ considered all of Monk's impairments, as well as the combined effect of her impairments.  The report regarding Monk's condition matching a listed impairment was not presented in the proceedings before the ALJ or the Appeals Council.  Monk has not shown good cause for not before presenting such evidence.  Also, the report does not indicate whether Monk's condition equaled a listed impairment during the time her application for benefits was pending.  See Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994).  Lastly, the record shows that the Commissioner carried its burden of demonstrating that there were a significant number of jobs available in the national economy which Monk could perform.  See 42 U.S.C. § 423(d)((2)(A).  The evidence supporting this determination was substantial.  See id. at 162.

AFFIRMED.