IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20844
Summary Calendar

_____

LAWRENCE CRENSHAW,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1923
- - - - - - - - - -
May 3, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Lawrence E. Crenshaw appeals the district court's affirmance of the Social Security Commissioner's decision to deny him disability insurance benefits under the Social Security Act.

Crenshaw argues that the administrative law judge ("ALJ") erred in denying his motion to recuse himself on the ground that he was biased against black claimants and against claimants who had alleged chronic pain as an impairment. Crenshaw's claim is based on nothing more than his attorney's vague assertion that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

one of her previous cases before the same ALJ involved very similar circumstances. Crenshaw has not remotely overcome the presumption that the ALJ was unbiased or sustained his burden of showing that the ALJ was biased. See Schweiker v. McClure, 456 U.S. 188, 195-96 (1982); Muse v. Sullivan, 925 F.2d 785, 790 (5th Cir. 1991).

Crenshaw otherwise challenges the district court's affirmance on the merits. We review the ALJ's decision to deny benefits by determining (1) whether the ALJ applied the correct legal standards and (2) whether his decision is supported by substantial evidence. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994).

Crenshaw's assertion that the ALJ "never addressed" his "ruptured disc" is incorrect. The ALJ in fact discussed his back impairment at length and determined that, although it limited his ability to perform work activities, it did not make him disabled. This finding was supported by substantial evidence in the form of, inter alia, treatment notes from Crenshaw's treating physician, Dr. Karl Schmitt, who consistently opined that Crenshaw could return to light-duty work, with certain limitations. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).

The Commissioner's determination that Crenshaw's pain was not so extreme as to render him disabled was also supported by substantial evidence. Physicians and psychiatrists differed as to the origin and degree of such pain, and Crenshaw failed to sustain his burden that his back impairment was capable of

producing disabling pain.  See Ripley v. Chater, 67 F.3d 552, 556 (5th Cir. 1995).

Crenshaw's assertion that the ALJ did not apply proper legal standards to his alleged psychiatric impairment is not supported by the record.  The ALJ's conclusion that Crenshaw did not have a "severe" mental impairment was supported by substantial evidence.  Medical reports were conflicting as to the presence, degree, and duration of such an impairment, and the ALJ properly emphasized that Crenshaw had not even cited such impairment as being disabling until after his first administrative hearing in 1994.

AFFIRMED.