IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-51083

Summary Calendar
_____

VICKIE CROSS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
USDC No. A-98-CV-750- SS
_____

June 29, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Vickie Cross appeals the Commissioner's denial of Social Security disability benefits. The administrative law judge ("ALJ") found that Cross was not entitled to benefits, and the Appeals Council denied Cross' request for review, making the ALJ's decision the final decision of the Commissioner. Cross sought judicial review, and the parties consented to try the case before a magistrate judge, who affirmed the Commissioner's decision to deny benefits.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cross argues that she has been unable to work since August 13, 1993, due to multiple chemical sensitivity disorder and psychological impairment. She maintains that the magistrate judge erred in affirming the Commissioner's decision that Cross is not entitled to disability benefits because she is able to perform past relevant work. Specifically, Cross asserts that the ALJ disregarded evidence that she is unable to work because of her sensitivity to chemicals in the any workplace where her past relevant work could be performed.

We review the Commissioner's denial of benefits to determine whether it is supported by substantial evidence and the proper legal standards were used to evaluate the evidence. *See Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). Substantial evidence is more than a scintilla and less than a preponderance, relevant and sufficient for a reasonable mind to accept as adequate to support the conclusion. *See id.* We may not reweigh the evidence but must examine the record to determine whether substantial evidence supports the Commissioner's decision. *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).

In determining whether an individual is disabled, the Commissioner uses a five-step sequential evaluation, considering whether: (1) the individual is working presently, (2) the individual has a severe impairment, (3) the impairment is listed in or equivalent to an impairment listed in the appendix to the regulations, (4) the impairment prevents her from performing past relevant work, and (5) the individual can perform substantial

2

gainful employment available in the national economy. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant bears the burden of proof on the first four steps, and if she offers such proof, the government bears the burden of proof on the final step. *See id.* An unfavorable finding on any of the five steps ends the analysis against the claimant. *See id.*

The ALJ followed these steps in reaching his conclusion, and we agree that there was substantial evidence to support the ALJ's decision. There was expert medical and vocational evidence from which the ALJ could reasonably conclude that Cross' sensitivity to chemicals was not severe and would not prevent her from performing past relevant work. There was expert medical testimony that tests of Cross' physical condition did not substantiate her complaints. A vocational expert testified that Cross could work in an office environment. Finally, there was expert medical testimony and medical reports which showed that, although Cross suffers psychological impairments, her mental condition is not severe enough to prevent her from working. The ALJ's decision shows that he did not disregard evidence that Cross believed would support her contentions, as Cross asserts.

Since the ALJ's decision comports with the relevant legal standards and is supported by substantial evidence, we affirm the denial of benefits.

AFFIRMED.