IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41256
Summary Calendar

_____

ELIZABETH A. SEGLER,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1672

_____

August 26, 2002

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elizabeth Segler appeals the district court's affirmance of the Social Security Commissioner's decision to deny disability benefits. Segler argues 1) that no substantial evidence supports the administrative law judge's (ALJ) determinations that Segler's complaints of physical restrictions should be discounted and that

_____

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

she was able to perform light work; 2) that the ALJ improperly discounted the opinions of Segler's treating physicians; and 3) that the district court should have considered and should have remanded the case based upon a newly submitted doctor's report from April 2001 stating that Segler could not engage in any meaningful work.

This court reviews the Commissioner's decision to deny benefits by determining 1) whether the ALJ applied the correct legal standards and 2) whether her decision is supported by substantial evidence. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (internal quotation and citation omitted). This court cannot reweigh the evidence but may review the record only to determine whether it contains substantial evidence to support the Commissioner's decision. *Id.*

Our review of the record reveals that the ALJ's determination that Segler's cardiac condition did not limit her physical abilities beyond performing light work was supported by substantial evidence. Though Dr. Michael Rotenberg had indicated on two prior occasions that Segler was disabled, the ALJ complied with the factors under 20 C.F.R. § 404.1527(d)(2) before discounting Dr.

2

Rotenberg's prior determinations of disabled. *See Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The 2001 one paragraph letter from a new doctor Segler presented with her objections to the magistrate judge's report was not material and did not warrant a remand of her case. *See Ripley v. Carter*, 67 F.3d 552, 555-56 (5th Cir. 1995); *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989).

AFFIRMED