# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 02-60190
Summary Calendar

_____


LINDA FAYE SIMS,

                                                       Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                                       Defendant-Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-289-P-B
-----------------------------------------------------------
February 17, 2003

Before JONES, STEWART and DENNIS, Circuit Judges:

PER CURIAM:[*]

Linda Faye Sims appeals the district court's denial of her complaint challenging the Social

Security Commissioner's decision to deny Sims supplemental security income benefits based upon

her condition of insulin dependent diabetes and diabetes retinopathy. She argues that the decision

of the administrative law judge (ALJ) that Sims could perform past relevant work was not supported

by substantial evidence, that the ALJ did not sufficiently consider Sims's subjective complaints of pain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and functional limitations, and that the case should be remanded to allow further development of the record.

The record reveals that the ALJ considered Sims's testimony about pain and her functional limitations resulting from her long-time condition of diabetes, that the ALJ articulated reasons for not crediting all of Sims's testimony about her limitations, and that the ALJ's decision that Sims could perform her past relevant work was supported by substantial evidence.  See Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994); Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).  Even if the record did not support the ALJ's finding that Sims could perform a full range of medium level work, there was substantial evidence supporting the ultimate determination that she could perform past relevant work.  See Shave v. Apfel, 238 F.3d 592, 595 (5th Cir. 2001).  The record also indicates that the ALJ sufficiently developed it, and Sims does not identify how the record should be further developed. Sims's argument that the case should be remanded for further development is without merit.

AFFIRMED.