**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**September 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50968
Summary Calendar
_____

CARMEN SANCHEZ,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-1551
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Carmen Sanchez appeals the district court's judgment affirming the Commissioner's decision to deny her application for supplemental security income. Because Sanchez did not file objections to the magistrate judge's report and recommendation, review of the district court's decision is for plain error only. See Rodriguez v. Bowen, 857 F.2d 275, 277 (5th Cir. 1988); see also United States v. Olano, 507 U.S. 725, 731-37 (1993)(defining plain error).

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez argues for the first time in this court that the administrative law judge (ALJ) erred in finding, at the third step of the sequential analysis, that she did not have a listed impairment. Assuming, *arguendo*, that exceptional circumstances warrant review of Sanchez's argument, it is utterly without merit. The medical expert clearly testified that in his opinion, Sanchez did not have a listed impairment, and Sanchez's counsel even questioned the expert as to why he opined that Sanchez did not have a listed impairment.

Sanchez also argues that the ALJ erred in determining that she could do sedentary work because the regulations "require sitting for six hours out of an eight hour day -- not less than six hours." She notes that the medical expert testified that she could sit for *less than* six hours. There is no requirement that in order to do sedentary work, the claimant be allowed to sit for precisely six hours per day. See 61 Fed. Reg. 34,480. Further, the hypothetical posed to the vocational expert included the requirement that the claimant be able to walk and stand for at least two hours in a workday.

Citing the medical reports submitted as new evidence before the Appeals Council, Sanchez argues that the ALJ "simply disregarded" this "most recent evidence." The Appeals Council considered the additional evidence submitted by Sanchez, but determined that it provided no basis for changing the ALJ's

decision. Evidence relating to the subsequent deterioration of a previously non-disabling condition is not material unless it relates to the time period for which benefits were sought and denied. See Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). The relevant time period was from the date of Sanchez's initial application on September 2, 1998, through the ALJ's decision on September 15, 1999. Thus, the Appeals Council did not err in determining that the additional evidence did not provide any basis for further review. See Shave v. Apfel, 238 F.3d 592, 597 (5th Cir. 2001).

Sanchez argues that the ALJ disregarded her psychological impairments and that the hypothetical posed to the vocational expert was flawed because it did not include her psychological limitations. Other than testimony establishing that she had been prescribed medication for depression, the only evidence presented by Sanchez relating to her psychological limitations was a 1995 evaluation by a psychologist. The ALJ specifically found that the psychologist who performed the 1995 evaluation was not credible. Moreover, a review of the evaluation reveals that the psychologist had given only a provisional diagnosis, and that the evaluation was to be continued the following week. No further evidence relating to the evaluation was entered into the record. Because the ALJ properly rejected Sanchez's assertion of a psychological limitation, he did not err by not including such limitation in his hypothetical.

Sanchez also argues that the ALJ erred in finding her allegations of pain not credible. It is within the ALJ's discretion to discredit complaints of pain based on the complainant's testimony of her daily activities in combination with the medical records. See Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991); see also 20 C.F.R. § 404.1529 (explaining how the Social Security Administration evaluates symptoms, including pain). We find no abuse of discretion with respect to the ALJ's evaluation of Sanchez's assertions of pain.

Finally, Sanchez argues that the ALJ erred in failing to determine whether she could maintain employment for a significant period of time. In support of her argument, she cites Watson v. Barnhart, 288 F.3d 212, 218 (5th Cir. 2002). In Watson, this court held that an individual's ability to maintain employment is relevant to a determination of disability. Id. However, this court has since held that "nothing in *Watson* suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case." Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003). Rather, "*Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." Id. Because Sanchez's case did not present such a situation, the ALJ did not err by failing to make a separate finding regarding her ability to maintain employment for a significant period of time.

4

AFFIRMED.