United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50409
Summary Calendar

DIANA SALAS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-174

Before GARWOOD, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Diana Salas appeals the judgment affirming the decision by the
Commissioner of Social Security to deny her applications for
disability benefits and supplemental security income. Our review
is limited to determining whether the Commissioner applied the
proper legal standards and whether the decision is supported by

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial evidence on the record as a whole. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). We may not reweigh the evidence or try the issue *de novo*. *See Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). The record shows that the ALJ applied the proper legal standards and that the Commissioner's decision is supported by substantial evidence. *See Greenspan*, 38 F.3d at 236.

Salas argues that the ALJ failed to properly consider the effects of her migraine headaches and the opinion of the physician who treated her for those headaches. The administrative record reflects that there was good cause for not according controlling weight to Dr. Carmen Montoya's opinion, which was conclusional and inconsistent with other substantial evidence in the record. *See Greenspan*, 38 F.3d at 237.

Relying on the testimony of Dr. Harold Cooper, the medical expert ("ME"), Salas argues that the ALJ erred in determining that she retained the residual functional capacity ("RFC") to perform her past relevant work and in posing a hypothetical question to the vocational expert without including the limitations that the ME had attributed to her. The substantial evidence in the administrative record supports the ALJ's rejection of the ME's opinion on Salas's limitations. Thus, there was no error with respect to the ALJ's determination on Salas's RFC or in the hypothetical question posed to the vocational expert.

Salas also argues that the ALJ improperly drew inferences

2

regarding her credibility and the severity of her impairments based on her failure to obtain treatment or medication due to poverty. The ALJ's opinion pointed out discrepancies between Salas's assertions and the documented signs, findings, diagnoses, and treatment of record. The ALJ also pointed out inconsistencies between Salas's statements to Dr. Gonzales and her testimony at her administrative hearing. The ALJ's credibility determination is entitled to great deference, *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994), and will not be disturbed on the record before us.

AFFIRMED.