United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-31065
Summary Calendar

---

RAYE P. GILCREASE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---------------------
Appeal From the United States District Court
For the Western District of Louisiana
Civil Docket No. 04-2329
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant challenges the decision of the district court that affirmed the Commissioner's final decision to deny her claim for social security benefits ("SSI" benefits) prior to July 11, 2002. We affirm.

Gilcrease applied for benefits on September 11, 2000, alleging a disability onset date of July 1, 2000. The Commissioner initially denied her application. Gilcrease appealed and requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Gilcrease SSI benefits. The Appeals Council vacated and remanded the ALJ's decision, resulting in a second ALJ hearing. The ALJ ruled that Gilcrease was disabled, beginning July 11, 2002 but not before. The ALJ applied the five step sequential evaluation to determine whether Gilcrease was disabled. See 20 C.F.R. § 416.920. The Appeals Council denied Gilcrease's request for review, making the ALJ's decision the Commissioner's final decision. Gilcrease then sued in the United States District Court for the Western District of Louisiana. The Magistrate Judge issued a Report and Recommendation affirming the Commissioner's decision to deny benefits, and the district court adopted it.

We review the Commissioner's final decision in a limited fashion, as dictated by 42 U.S.C. § 405(g), determining only whether: (1) substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards. Carey v. Apfel, 203 F.3d 131, 135 (5th Cir. 2000). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994)(citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The decision in the instant case comports with proper legal standards. The ALJ implemented the five-step evaluation to determine disability, as mandated by 20 C.F.R. § 416.920.[1]

---

[1] At the first step, the claimant's work activity, if any, is considered. If he is doing substantial gainful activity, he

Additionally, there is substantial evidence in the record to support the decision. Gilcrease argues that the ALJ erred in finding, at step five, that the Commissioner had carried its burden of proving that she could make an adjustment to other work.[2] Specifically, she argues that the ALJ erred in finding that an unskilled worker, like Gilcrease had historically been, could perform semi-skilled work, such as check cashier, repair service clerk, and information clerk. However, substantial evidence supports the ALJ's ruling. Gilcrease benefitted from a high school education and had recently (in 2000) completed a full, two year curriculum in industrial electronics at trade school, wherein she

---

will not be found disabled. At the second step, the medical severity of the claimant's impairment(s) is considered. If he does not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, he will not be found disabled. At the third step, the medical severity of the claimant's impairment(s) is also considered. If he has an impairment(s) that meets or equals one of the listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, he will be found disabled. At the fourth step, the Commissioner's assessment of the claimant's residual functional capacity and past relevant work is considered. If the claimant can still do his past relevant work, he will not be found disabled. At the fifth and last step, the Commissioner's assessment of the claimant's residual functional capacity and his age, education, and work experience is considered to see if he can make an adjustment to other work. If he can make an adjustment to other work, we will not be found disabled. If he cannot make an adjustment to other work, he will be found disabled. See 20 C.F.R. § 416.920.

[2] The claimant bears the burden at the first four steps, but the burden thereafter shifts to the Commissioner at step five. Once the Commissioner makes the requisite showing at step five, the burden shifts back to the claimant to rebut this finding. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

studied electronics repair and satellite installation. Further, Gilcrease reported that spent part of her days working on the computer and that her hobbies included electronics and computer repairs. We conclude that substantial evidence supports the ALJ decision, and we AFFIRM.