# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-60107
Summary Calendar

Charles Claiborne

Plaintiff

Eliza Broadway

Appellant

v.

Michael J. Astrue,
Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
Case No. 5:99cv153

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Plaintiff-Appellant challenges the district court order affirming the Commissioner of Social Security's final decision to deny his claim for disability insurance benefits. We affirm.

## BACKGROUND

Charles Claiborne[1] ("Claiborne") applied for disability benefits in March 1998. The Social Security Administration ("SSA") denied Claiborne's claim at all administrative levels, and Claiborne appealed to the district court. Claiborne died in November 2001 while the matter was pending, and the district court remanded the case to the Commissioner of Social Security ("Commissioner") for reconsideration of whether Claiborne's death was related to the medical conditions raised in his appeal. On remand, the SSA's administrative law judge ("ALJ") consolidated the case with subsequent claims Claiborne filed in February 2001, which had been denied at the initial and reconsideration levels in July 2001, and for which Claiborne had requested a hearing.

An administrative hearing was held before the ALJ in February 2003. At the hearing, the ALJ received testimony from Claiborne's mother and a vocational expert. The ALJ found that Claiborne was not disabled within the meaning of the Social Security Act, and that finding became the final decision of the Commissioner. Claiborne, through his mother, posthumously sought judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g). The district court followed the magistrate's recommendation and affirmed the Commissioner's decision to deny benefits.

Claiborne appealed to this court alleging three errors: (1) the ALJ was without jurisdiction to conduct a full evidentiary hearing; (2) the ALJ's decision was not supported by substantial evidence in the record; and (3) Claiborne was

---

[1] Plaintiff-appellant Charles Claiborne died from a myocardial infarction in November 2001. His mother, Eliza Broadway, is the substitute party. The opinion will refer to plaintiff as "Claiborne."

entitled to summary judgment. This court, having carefully reviewed the parties' briefs and pertinent portions of the record, concludes there is no reversible error in the district court's essential findings of fact and conclusions of law.

DISCUSSION

I.    Standard of Review

We review the Commissioner's final decision in a limited fashion, as dictated by 42 U.S.C. § 405(g), determining whether: (1) substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994)(citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). In reviewing the evidence, this court does not substitute its judgment for the Commissioner's judgment. Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). If there are conflicts in the evidence, this court accepts the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence. See id.

II.   Remand

Claiborne initially argues the ALJ's evidentiary hearing exceeded the bounds of the district court's September 2002 remand order, which he claims instructed the Commissioner only to determine whether Claiborne listed his heart condition as a reason for his disability. In fact, the remand order instructed the Commissioner to examine the record and reconsider whether Claiborne's death was related to any of the medical conditions he listed in his original complaint. Thus, the record does not lead to the conclusion that the ALJ erred in conducting an evidentiary hearing. Furthermore, consideration of this

argument is waived because Claiborne raises it for the first time on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

III. Substantial Evidence

The ALJ conducted the five-step evaluation to determine disability[2] mandated by 20 C.F.R. § 416.920.[3] The ALJ performed a thorough review of Claiborne's complaints and arguments, as well as of the medical record. We hold that substantial evidence supports the ALJ's conclusion on this issue.[4]

a. Disability

Claiborne argues the record is replete with evidence that his heart condition prevented him from any substantial gainful activity. The relevant regulations provide that all medical opinions are to be considered in determining a claimant's disability status. 20 C.F.R. §§ 404.1527(b), 416.927(b). But the opinion on ultimate issues, such as disability status, is reserved to the ALJ. 20 C.F.R. §§ 404.1527(e), 416.927(e)(1). The ALJ must consider all medical findings and evidence that support a medical source's assertion that a claimant is disabled. Id.

---

[2] Under the Social Security Act, "disability" requires that a person be unable to engage in any substantial gainful activity by virtue of a medical condition that could be expected to continue for at least 12 months. 42 U.S.C. § 423(d)(1)(A).

[3] The Commissioner must consider the following five-step sequential analysis when determining whether a claimant is disabled within the meaning of the SSA: (1) whether the claimant is currently gainfully employed; (2) whether the claimant has a severe impairment; (3) whether that impairment meets or equals the severity listed in the Code of Federal Regulations; (4) whether the impairment prevents the claimant from performing past occupations in light of his residual functional capacity; and (5) whether the impairment prevents the claimant from adjusting to other work in light of his residual functional capacity. 20 C.F.R. §§ 404.1520; 416.920.

[4] Claiborne argues throughout his brief, as he did below, that the ALJ's findings are contradicted by the record. But this court defers to the ALJ's resolution of those conflicts, to the extent the findings are supported in the record. Newton, 209 F.3d at 452. And we conclude the ALJ's findings are supported in the record.

Here, the ALJ properly evaluated the opinions of Claiborne's treating physicians and other involved parties. The ALJ's determination that Claiborne did not have a disability was consistent with their opinions and supported by substantial evidence in the record.

b. Residual functional capacity

Claiborne argues the record shows that a heart condition and swelling of the limbs prevented him from performing any work. Determining a claimant's residual functioning capacity is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995).

The ALJ found that Claiborne "retained the residual functional capacity for sedentary work that required only occasional crawling, kneeling, and squatting." The ALJ's finding was based on professional medical opinion. While Claiborne suffered from gout, hypertension, and obesity, according to his doctor those conditions precluded only manual labor. Therefore, the ALJ's finding that Claiborne retained a residual functional capacity is supported by substantial evidence in the record.

c. Job capacity

Claiborne also argues that under Singletary v. Bowen,[5] a claimant may be designated as able to engage in "substantial gainful activity" only when the claimant can hold a job for "significant period of time." Thus, Claiborne contends, because the ALJ did not make specific findings related to Claiborne's ability to hold a job, the ALJ's findings were not supported by substantial evidence.

But the ALJ's own decision specifically makes such findings. The ALJ found, based on testimony and the record, that Claiborne's age, educational

---

[5] 798 F.2d 818, 822 (5th Cir. 1986); see also Wingo v. Bowen, 852 F.2d 827, 831 (5th Cir. 1988) (stating that a person is capable of engaging in substantial gainful activity when the individual is able, despite his condition, to keep a job).

background, work experience, and residual functional capacity made him capable of "a successful adjustment to work that existed in significant numbers in the national economy." Further, the ALJ found that "there were a significant number of jobs in the national economy that [Claiborne] could have performed." And the ALJ's findings are consistent with, and supported by, substantial evidence in the record.[6] Therefore, we hold that the Commissioner properly concluded that Claiborne was not entitled to disability benefits under the Social Security Act.[7]

For the above reasons, we AFFIRM the order of the district court.

AFFIRMED.

---

[6] A vocational expert testified that despite Claiborne's conditions, he could still work as an order clerk, food and beverage clerk, sedentary surveillance monitor, and circuit board assembler.

[7] Claiborne argues that because the ALJ found that he could not perform the full range of sedentary work, nor any of his past relevant work, he was entitled to summary judgment. But Claiborne, a pro se appellant, is mistaken as to the appropriate procedures for judicial review of an administrative action insofar as he believes all procedural mechanisms present in the Federal Rules of Civil Procedure are available here. But cf. 42 U.S.C. 405(g) (outlining procedures for judicial review of the SSA's decisions). Essentially, his argument is simply a restatement of his prior arguments, which we addressed above.