IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-40175
Summary Calendar

DELINA R JOUBERT

Plaintiff - Appellant

V.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-415

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Delina R. Joubert sought judicial review of the denial of her claim for Social Security disability insurance benefits. The district court affirmed the Commissioner's decision. Joubert timely appealed. We AFFIRM.

I.

In June 2004, Joubert filed a claim for Social Security disability benefits. She alleged that she last worked on January 1, 1998, and claimed that she was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disabled because of heart, back, and right hand problems. After her claim was denied by the state agency, Joubert requested a hearing before an Administrative Law Judge (ALJ).

At the hearing before the ALJ in February 2006, Joubert testified that she stopped working because of shortness of breath and "too much pain." She testified that she had pain in her feet, ankles, knees, back, elbow, and heart. She described her chest pain as sharp, and said that it caused shortness of breath. She testified that her daily activities consisted of taking her medicine in the morning, cooking a little, watching a little television, attending church, and shopping. She said that she had trouble sleeping at night and did not have much of an appetite. Joubert's son also testified at the hearing.

The ALJ found that Joubert last met the insured status requirements of the Social Security Act on December 31, 2002; that she had not engaged in substantial gainful activity at any time relevant to the decision; that, through the date last insured, she had medically determinable impairments -- hypertension and back pain; but that she did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; and therefore, Joubert did not have a severe impairment or combination of impairments. The ALJ found that Joubert's medically determinable impairments could have been reasonably expected to produce the symptoms she alleged, but that her statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible. Furthermore, the ALJ found that Joubert had failed to produce any objective medical evidence to substantiate her allegations that she is unable to do any work or that would support her claim of a disabling condition prior to December 31, 2002. The ALJ therefore concluded that Joubert was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review.

Joubert sought judicial review in the district court. After the parties filed briefs, the magistrate judge recommended that the Commissioner's decision to deny benefits be affirmed. Joubert objected, claiming that documentation of her condition was missing from the administrative record. The magistrate judge gave Joubert ten days within which to file with the court all documentation that she alleged was not contained in the administrative record and that was relevant to the issue of whether she was disabled on or before December 31, 2002, the date on which her insured status expired. After receiving additional evidence submitted by Joubert, the district court adopted the magistrate judge's recommendation and affirmed the Commissioner's decision that Joubert was not disabled. Joubert timely appealed.

## II.

Joubert argues (1) that the ALJ's decision is not supported by substantial evidence, and (2) that the record was not fully and fairly developed, and there is additional evidence that should be considered. We turn first to the substantial evidence issue, and then address whether there is any basis for a remand to consider additional evidence.

## A.

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks and citation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." Id.

The claimant has the burden of proving disability by establishing that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. (internal quotation marks and citations omitted). Joubert alleged disability as of January 1, 1998. Based on her earnings history, her insured status expired on December 31, 2002. "Thus, to prove that she is entitled to disability benefits, [she] must not only prove that she is disabled, but that she became disabled prior to the expiration of her insured status." Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992).

In determining whether an applicant is disabled, the ALJ uses a five-step sequential analysis. Perez, 415 F.3d at 461. If the ALJ finds that the claimant is disabled or is not disabled at any step in the analysis, the analysis is terminated. Id. Here, the ALJ found at step two of the sequential evaluation that Joubert was not disabled because she had failed to meet her burden of proving an impairment or combination of impairments which was severe within the meaning of the Act. "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985) (internal quotation marks and citation omitted).

Substantial evidence supports the ALJ's decision that Joubert's hypertension, chest pain, and back pain did not impose more than a slight limitation on her ability to perform basic work-related activities, prior to December 31, 2002, the date she was last insured. The medical evidence in the record for the relevant time period reflects that Joubert complained of back pain only three times (on February 15 and March 15, 2001, and again on June 2, 2002), and received only minimal treatment for it. The medical evidence also

4

reflects that Joubert's hypertension was controlled by medication. Chest x-rays taken in February and March 2001 showed that Joubert's heart was enlarged, but there is no record of treatment for chest pain or a cardiac condition through the expiration of her insured status. The objective medical evidence also supports the ALJ's finding that Joubert's subjective complaints were not fully credible. See Falco v. Shalala, 27 F.3d 160, (5th Cir. 1994).

We now turn to consider whether the ALJ fully developed the record and whether there is any basis for a remand for consideration of additional evidence.

B.

The ALJ "has a duty to fully and fairly develop the facts relative to a claim for disability benefits." Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000). Joubert contends that the ALJ did not satisfy this duty because he failed to include all of her available medical reports in the certified record. This contention is contradicted by her own testimony: At the conclusion of the hearing, the ALJ noted that Joubert had submitted some additional medical evidence, and asked Joubert whether there was anything missing that needed to be obtained after the hearing. Joubert responded, "Not that I know of."

"When new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). However, a remand is justified only if the claimant makes "a showing of 'good cause' for failing to provide this evidence at the original proceedings." Id. Evidence is not material for purposes of a remand unless it "relates to the time period for which disability benefits were denied." Id. Furthermore, evidence is not material if it relates "to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought." Id. at 555 n.14.

In the district court, Joubert submitted additional medical evidence that she alleged had not been made part of the administrative record, including evidence of a dilation and curettage (D&C) of the uterus performed in April 2002, and a hysterectomy in June 2002. The district court held that there was not a reasonable possibility that this evidence would have changed the Commissioner's decision that she was not disabled. The district court did not err in determining that this evidence is not material.

Joubert also submitted to the district court medical records from September 1994, more than three years before her alleged onset date of January 1, 1998; medical records from March and May 1997, which are already in the administrative record; and medical records pertaining to her condition from January 2004 forward, many of which are already in the administrative record. Because this evidence does not pertain to the relevant time period of January 1, 1998 through December 31, 2002, it is not material and does not warrant a remand.

Joubert attached to her brief in this court a "To Whom It May Concern" letter dated March 24, 2008, from Dr. Margaret Lang-Williams. That letter states that Joubert suffers with chronic back pain as the result of scoliosis and degenerative disc disease; that Joubert has complained of back pain since 1993, attributed to her scoliosis; that Joubert's symptoms worsened from 2002-2005, but a work-up was not pursued in 2002 because of other overriding health issues; that the symptoms became more severe and unrelenting in 2005; and that Joubert should be considered totally and permanently disabled. In her reply brief filed in this court, Joubert attached additional medical records from 2006 and 2007, including records of spinal surgery in March 2007, and a letter from Dr. James E. Rose, dated April 24, 2007, in which he expresses his opinion that Joubert is permanently and totally disabled.

The additional evidence Joubert has submitted on appeal to this court does not provide any basis for a remand because it does not address Joubert's condition during the time period for which benefits were sought. The letter from Dr. Lang-Williams does not state that Joubert was totally and permanently disabled due to scoliosis during the relevant time period of January 1, 1998, through December 31, 2002. Dr. Lang-Williams further states that Joubert did not have a work-up for back pain until 2005, at least two years after the expiration of Joubert's insured status, when Joubert's symptoms became severe and unrelenting. The records pertaining to Dr. Rose's treatment and surgery in 2006 and 2007 do not warrant a remand because evidence of deterioration of a condition resulting after the period for which benefits are sought is not material.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.