IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-50361
Summary Calendar

CAROLYN SPRUILL

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 5:07-CV-509

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carolyn Spruill appeals the district court's order affirming the determination by the Commissioner of Social Security (the "Commissioner") that Spruill is not disabled within the meaning of Title II of the Social Security Act (the "Act"). Because we find that the Commissioner's decision is based on substantial evidence and is in accordance with the law, we affirm.

After suffering a back injury, Spruill applied for supplemental income and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability insurance benefits, claiming that her injury prevented her from working.  The Social Security Administration denied benefits initially and on reconsideration.   After a hearing, an administrative law judge ("ALJ") determined that Spruill was not disabled because she could still perform light work.  The appeals council denied Spruill's request for review, so the ALJ's decision became the final decision of the Commissioner. The district court affirmed the Commissioner's decision.  Spruill appeals.

Our review of the Commissioner's decision is limited to two inquiries: (1) whether it is supported by substantial evidence; and (2) whether it comports with relevant legal standards.  See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).  Substantial evidence is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance."  Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992).  "[W]e may neither reweigh the evidence in the record nor substitute our judgment for the [Commissioner's]."  Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).

Here, the ALJ found that Spruill had the medically determinable impairments of obesity, degenerative disc disease, status post laminectomy and discectomy, and depression.  Though these impairments prevent her from performing her past work as a nurse's aide, the ALJ determined that Spruill can perform light work with certain limitations.  Further, the ALJ found that a significant number of jobs in the national economy meet this criteria, including assembler of printed products, electrical assembler, and office helper.  Spruill argues that the ALJ's decision was not based on substantial evidence and did not comport with relevant legal standards in three respects:   by failing to afford proper weight to the medical opinions, failing to properly evaluate her mental limitations, and failing to properly address her credibility.

Regarding the weight of medical opinions, Spruill argues that the ALJ

misconstrued her treating physician's evaluations and failed to conduct the detailed analysis required when a treating physician's view is rejected. However, the ALJ did not reject the opinion of Spruill's treating physician—in fact, he adopted the doctor's opinion that Spruill can work with certain restrictions. Dr. Crump, the treating physician, initially released Spruill back to her former job as a nurse's aide with instructions to wear a back belt and not lift more than twenty-five pounds. When Spruill's employer could not accommodate this restriction, Dr. Crump advised Spruill to find a job not involving heavy lifting. Rather than rejecting Dr. Crump's opinion, the ALJ adopted his conclusion that Spruill could no longer work as a nurse's aide but could do work with less heavy lifting. Though Dr. Crump observed that Spruill's back pain was "chronic," he maintained that she could lift up to twenty-five pounds. No medical evidence, from Dr. Crump or any examining physician, contradicts the ALJ's conclusion that though Spruill may experience exacerbation of discomfort with increased activity, she has no functional limitations precluding all work activity.

Next, Spruill claims that the ALJ failed to address her mental limitations. The record does not support this contention. The ALJ found that Spruill's depression constitutes a severe mental impairment, but that this impairment no more than moderately limits her ability to function. The psychological evaluation performed by Dr. Clark provides substantial evidence for this finding. Dr. Clark noted that Spruill's thoughts were organized, relevant, and coherent. Further, Dr. Clark concluded that Spruill's depression resulted from her injury and inability to work, and would likely improve if she regained employment. Though consultive physical examiner Dr. Mittal noted that Spruill had difficulty concentrating, Dr. Mittal is not a mental health professional and was not performing a psychological evaluation. The ALJ accommodated Spruill's mental limitations by restricting her to jobs involving only routine instructions, no

independent decision-making, limited interpersonal contact, and no contact with the public. The record contains substantial evidence supporting the conclusion that Spruill can perform this type of work.

Finally, Spruill argues that the ALJ failed to properly assess her credibility. When an ALJ finds that a claimant lacks credibility, the ALJ must articulate reasons for discrediting the claimant's complaints. See Abshire v. Bowen, 848 F.2d 638, 642 (5th Cir. 1988). This explanation need not follow formalistic rules. See Falco v. Shalala, 27 F.3d 160, 163-64 (5th Cir. 1994) (observing that credibility conclusions are "precisely the kinds of determinations that the ALJ is best positioned to make"). We accord great deference to the ALJ's credibility determination. Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000). Here, the ALJ found that though Spruill's impairments could produce the alleged symptoms, her testimony regarding the intensity, persistence, and limiting effects of those symptoms was not entirely credible. The ALJ articulated the following reasons for this conclusion, all supported by the record: Dr. Crump never prescribed Spruill any narcotic pain medication, Spruill never followed up on Dr. Crump's recommendation of physical therapy, no evidence other than her testimony indicated dependence on a cane to walk, and both Dr. Crump and Spruill herself observed that she is capable of lifting up to twenty-five pounds. The ALJ also found that objective medical testing revealed no more than mild symptomatology, inconsistent with the disabling pain she described. Accordingly, we find that the ALJ articulated adequate reasons for rejecting Spruill's testimony regarding the extent of her limitations and that these reasons were based on substantial evidence.

For the above reasons, we AFFIRM the district court's order in favor of the Commissioner.