**Frances L. HALL, Plaintiff-Appellant,**

**v.**

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Social Security Administration, United States of America, Defendant-Appellee.**

No. 81–1094
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 9, 1981.

Les Weisbrod, Dallas, Tex., for plaintiff-appellant.

Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Frances L. Hall appeals from the denial by the Secretary of Health and Human Services of her application for disability benefits under the Social Security Act. Hall brought this action to challenge the Secretary's determination that she was not disabled within the meaning of the Act.[1] The district court affirmed the denial. We reverse the district court, vacate the decision of the Secretary and remand to the Secretary for further proceedings consistent with this opinion.

Hall is a fifty-one year old female, has a twelfth grade education and has worked as a telephone interviewer, sales clerk and receptionist. She alleges that she is unable to work due to asthma, allergies, arthritis, painful teeth and an unpredictable menstrual cycle, although she submitted no evidence of the latter. Because Hall noted on her request for a hearing that she did not wish to appear, the Secretary decided this case without a hearing, basing his decision on the paper record submitted by the parties. The relevant documents in the record include the following: the medical opinions of Hall's treating physician Dr. Lee and the Secretary's consulting physician Dr. Collyns; the clinical findings of Dr. Collyns; Hall's statements in various Social Security forms; medicine, Blue Cross-Blue Shield, doctor and hospital bills; a statement by Hall's mother. From the medical evidence the Secretary determined, pursuant to 20 C.F.R. § 404.1504(b) (1980), that Hall retained the residual functional capacities to continue in her prior employment and found that, pursuant to *id.* § 404.1504(a), Hall's medical condition was not severe as it did not significantly limit her ability to perform work-related functions. The Secretary thus denied her application for benefits, finding her not disabled under the Act.

The review of this court is limited to whether the Secretary's findings are supported by substantial evidence in the record

---

1. 42 U.S.C. § 423(d), reads in pertinent part:

(d)(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

as a whole. 42 U.S.C. § 405(g); *Watts v. Harris*, 614 F.2d 515 (5th Cir. 1980). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Simmons v. Harris*, 602 F.2d 1233, 1235 (5th Cir. 1979) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). Furthermore, the reviewing court "may not decide the facts anew or substitute its judgment as to the credibility of the evidence for that of the Secretary." *Simmons v. Harris*, 602 F.2d at 1235. Moreover, the burden of establishing a disability rests with the claimant. *Simmons v. Harris, id.*

[1, 2] On appeal, Hall challenges the legal standard applied to the evidence by the Secretary and the district court's conclusion that the Secretary's decision was supported by substantial evidence. A review of the record reveals, however, that the Secretary applied the proper legal standard in reaching his decision. Hall alleges that the administrative law judge ("ALJ") did not properly consider her allegations of pain. The ALJ is required to consider the subjective symptoms of the claimant, as well as other objective evidence such as medical opinions, clinical findings and the like. *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972). A review of the ALJ's opinion, however, indicates that the ALJ did consider Hall's subjective symptomology. Furthermore, the medical evidence amply supports the Secretary's findings. In fact, Hall failed to submit clinical findings.[2] After viewing the evidence before the ALJ, we hold that a reasonable mind could conclude Hall was not disabled within contemplation of the Act. The Secretary based his decision on substantial evidence.

Hall also challenges the district court's finding that the new evidence—Dr. Mintz' report—presented to the district court failed to provide a "good cause" for remand. The Act permits a court to remand a case for additional fact finding upon the showing of "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Hall argues that the failure to include the report of Dr. Mintz in the administrative proceeding stems from the fact that the Secretary failed to inform her of her right to counsel and to explain the hearing procedure as required by Social Security Ruling 79–19 (C.E.1979) ("Ruling 79–19").[3] In essence, Hall argues cause for remand exists due to the Secretary's failure to meet his responsibilities set out in his own rulings. We agree. The Secretary failed to fulfill his responsibilities. We hold that such neglect requires that we vacate the judgment of the Secretary.

**2.** Hall attempts to sidestep this hurdle by asserting that the bills for x-rays form the basis for Dr. Lee's report that Hall suffers from degenerative arthritis of the cervical spine with disc disease; Dr. Lee's report, on the other hand, makes no such assertion. Both the bills for x-rays and Dr. Lee's report mentioned above were submitted to the Appeals Council. The Appeals Council held that they did not provide a basis to reopen or revise the ALJ's decision.

**3.** Social Security Ruling 79–19 (C. E. 1979) reads, in pertinent part, as follows:

*DOCUMENTATION:* An individual or the individual's authorized representative may waive the right to personal appearance at a hearing only by a writing signed by the individual or the authorized representative which shows:

1. a thorough explanation of the hearing procedure has been given;

2. the right to personal appearance at the hearing to testify and present evidence has been explained;

3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice;

4. it has been explained that, in some cases, additional evidence obtained through oral testimony and personal presence before the presiding officer may be of value in evaluating the issues;

5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obtained by the hearing officer;

6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

As a general rule, where the rights of individuals are affected, an agency must follow its own procedure, even where the internal procedures are more rigorous than otherwise would be required. *Morton v. Ruiz*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974); *Sheehan v. Army and Air Force Exchange*, 619 F.2d 1132 (5th Cir. 1980). The power of the governmental department or agency to promulgate the procedure flows from a grant of such power by Congress. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). Should an agency in its proceedings violate its rules and prejudice result, the proceedings are tainted and any actions resulting from the proceeding cannot stand. *Pacific Molasses Company v. Federal Trade Commission*, 356 F.2d 386 (5th Cir. 1966); *Alamo Express, Inc. v. United States*, 613 F.2d 96 (5th Cir. 1980).

Clearly, the Secretary published Ruling 79–19 pursuant to a congressional grant of authority.[4] Ruling 79–19 requires that a claimant be given a thorough explanation of the hearing procedure, the claimant's right to personally appear and present evidence, the claimant's right to representation, the value of a personal appearance and the fact that absent a personal appearance the claim will be decided solely on the written evidence on file. In the present case, the record does not contain the written and signed waiver required by the ruling. As we are bound by the record, we must assume the Secretary did not comply with the ruling. Thus, we inquire whether Hall was prejudiced as a result of the noncompliance.

In Ruling 79–19, the Secretary explains the rationale behind the promulgation of the ruling. The Secretary recognizes the importance of the hearing appearance rights of claimants and voices a concern that a waiver of the right to appear be voluntary, based on a full understanding of the consequences of such a decision. Social Security Ruling 79–19 (C. E. 1980 at 60). We could not state grounds for prejudice in this case more eloquently. This court fails to understand how Mrs. Hall could comprehend without an adequate explanation the effect of the waiver of her right to personally appear. Certainly the mere placing, as in this case, of an "X" in a box labeled "I do *not* wish to appear at a hearing" and "I request that a decision be made on the basis of the evidence in my case" does not evidence an intelligent and knowledgeable waiver. Oral testimony and the personal presence of Hall would be immensely valuable in evaluating the issues in this case. Furthermore, the late submission of Dr. Mintz' report to the district court reflects Hall's lack of understanding of her need to marshal all her supporting evidence and submit it to the Secretary. Thus, we find the Secretary's failure to comply with Ruling 79–19 prejudiced Hall.

Accordingly, we vacate the Secretary's decision denying Hall disability benefits. Upon remand the Secretary should allow Hall a new request for a hearing and then fully comply with Ruling 79–19 should Hall decide to waive a personal appearance.

The judgment of the district court is REVERSED and the decision of the Secretary VACATED. We REMAND this case to the Secretary for further proceedings consistent with this opinion.

---

4. 42 U.S.C. § 1302 states as follows:

The Secretary of the Treasury, the Secretary of Labor, and the Secretary of Health, Education, and Welfare, respectively, shall make and publish such rules and regulations, not inconsistent with this chapter, as may be necessary to the efficient administration of the functions with which each is charged under this chapter.

20 C.F.R. § 422.408 (1980) states as follows:

Precedent final opinions and orders and statements of policy and interpretations that have been adopted by the Administration and that are not published in the FEDERAL REGISTER will be made available by publication in the Social Security Rulings (see § 422.-410(d)). Social Security Rulings are published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.