Marchal MCCOY, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 03–1225–WEB.

United States District Court,
D. Kansas.

March 2, 2004.

Steve A. Troutman, Troutman & Troutman, P.C., Tulsa, OK, for Plaintiff.

Laurie Kathleen Kahrs, Office of United States Attorney, Wichita, KS, for Defendant.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Senior District Judge.

Plaintiff seeks judicial review of the Defendant's decision to deny claims for disability insurance and supplemental security income.

## I. FACTS

Plaintiff applied for benefits in May 2001, alleging that back problems prevented her from working.[1] Plaintiff did not appear for a consultative physical examination in July 2001, and she did not reschedule or explain her failure to appear. When Plaintiff did not respond to mail regarding the examination, Defendant investigated and learned that Plaintiff had moved without leaving a forwarding address. Plaintiff did not submit a work history, an activity of daily living form, or a pain questionnaire, as requested by Defendant. Defendant denied Plaintiff's application on July 27, 2001, finding "[w]e were unable to obtain any medical evidence to evaluate your claim." (R. 23.)

Then, in August 2001, Plaintiff retained counsel and filed a request for reconsideration. Plaintiff now filed the requested forms. In her disability report, Plaintiff identified anxiety as a new impairment. Plaintiff appeared for a consultative physical examination, which established that she had normal ambulation and a full range of motion in her back with no pain present upon objective examination.

Regarding her anxiety, Plaintiff's medical records show treatment for anxiety during several visits to the hospital emergency room. The emergency room reports contain recommendations to follow up with a mental health center. When Plaintiff applied for screening at a mental health clinic in September 2001, she was given a global functioning level of 50. The records do not show who made the assessment or how it was made. The mental health clinic put her on a waiting list, and the records do not show any subsequent consultations with a mental health care provider. Defendant scheduled a consultative psychological examination for Plaintiff, but she failed to appear three times for the scheduled examinations.

The Defendant denied Plaintiff's application on reconsideration. Plaintiff's counsel next signed and filed a request for a hearing by an administrative law judge (ALJ). A statement on the form, "I wish to appear at a hearing" was checked, but Plaintiff did not personally sign the form. (R. 33.) By a letter dated January 17, 2003, the ALJ notified Plaintiff that the hearing was set for February 10, 2003, in Oklahoma City, Oklahoma. The letter was mailed to Plaintiff at the address provided by counsel on the request for hearing.

There is no transcript of the hearing. In his decision, the ALJ relates the following:

---

1. Plaintiff has filed twice before. The first application was denied, and no request for reconsideration was filed. The second appli-cation was denied initially and on reconsideration, and no request for hearing was filed.

The [Plaintiff] failed to appear at this hearing despite the fact that she received proper notice of the time, date, and location of the hearing. The Plaintiff's attorney-representative, Phillip D. Ryan, did appear at the hearing. Mr. Ryan stated that he had received word the morning of the hearing that the [Plaintiff] would be unable to attend; however, no specific reason was stated for this absence. At the hearing, I allowed Mr. Ryan 14 days to show cause why the [Plaintiff] was unable to attend and why her claim should not be dismissed.

In a letter dated February 13, 2003, Mr. Ryan said that the letter notifying the [Plaintiff] of her hearing had apparently gone to "an improper address" as the [Plaintiff] had recently moved from Oklahoma City to Wichita, Kansas. Mr. Ryan explained,

> [the Plaintiff] did learn of the hearing just prior to the hearing date when we attempted to contact her to discuss the case. Actually, at that point we were able to make contact with her mother who indicated that the [Plaintiff] had moved to Kansas in order to secure employment. Unfortunately, given her financial status and short notice, she was unable to secure transportation to the hearing on February 10, 2003.

The letter from the representative also states that the [Plaintiff] returned to the work force on an active basis on March 4, 2002.

(R. 11–12.)

The ALJ found the Plaintiff had not shown good cause for failing to appear, and that therefore he would not change the place and time of the hearing "after the fact." (R. 14.) Based on the written record, the ALJ found that Plaintiff was not disabled at step two.

## II. ANALYSIS

Because the Plaintiff maintains the issue on appeal is whether the ALJ applied the correct legal standard, the Court will first examine that standard.

Under the regulations generally, the Defendant must notify a claimant of the time and place for the hearing. *See* 20 C.F.R. §§ 404.938(a) and 416.1438(a). The claimant or the claimant's representative should return a form to Defendant acknowledging receipt of the notice. §§ 404.938(c) and 416.1438(c). If there is an objection, the ALJ considers whether the claimant has shown good cause for changing the time or place of the hearing. *See* 20 C.F.R. §§ 404.936(a), (e-f) and 416.1436(a), (e-f).

In this case, the ALJ applied 404.936(e-f) and 416.1436(e-f) to determine whether he would change the time or place of the hearing "after the fact." The Plaintiff, however, did not "object to the time or place of [the] hearing ..." 20 C.F.R. §§ 404.936(d) and 416.1436(d). Instead, she simply did not appear personally. A claimant "may make his or her appearance by means of a designated representative ...," 20 C.F.R. § 404.950(a), but the record shows that neither Plaintiff nor her counsel expected to proceed without her testimony. The issue, therefore, remains whether the Defendant violated the law by refusing to set a second hearing.

Plaintiff's counsel cites Defendant's Hearings, Appeals and Litigation Law Manual (HALLEX) for support. In a subsection entitled, "Claimant's Representative Appears at Hearing Without the Claimant," the HALLEX gives the following directions:

> If a claimant's representative appears at a scheduled hearing without the claimant, the ALJ must determine whether the claimant is an essential witness for a proper determination of the case.

1. If the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue a decision.

2. If an ALJ determines the claimant is an essential witness, the ALJ should offer to postpone the hearing so that the claimant may appear. If the representative declines the offer, the ALJ must document the record that the offer was made and proceed with the actions necessary to complete the record and issue a decision.

NOTE: If a representative appears at a scheduled hearing without the claimant, dismissal is not appropriate even if the ALJ has determined that the claimant is an essential witness.

HALLEX I-2-425(D), 1993 WL 643012 (S.S.A.).

Plaintiff urges that, because the ALJ found she was an essential witness, he should have offered to postpone the hearing so that she could appear.[2] Plaintiff argues that the Court should enforce the HALLEX provisions, and Defendant argues the HALLEX is not enforceable on judicial review.

Plaintiff cites no authority that the HALLEX is enforceable by a district court, but the Defendant alerts the Court to a Fifth Circuit case holding that the agency should not violate the HALLEX where the rights of individuals are affected, unless the violation is without prejudice. *See Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir.2000). The *Newton* court, in turn, relied on *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir.1981). *See* 209 F.3d at 459. The *Hall* case, however, dealt with a Social Security Ruling (SSR), not the HALLEX. *See* 660 F.2d at 118–19. The distinction is important because, unlike the HALLEX, the administrative regulations require the SSRs to be published as "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); *see Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir.1993)("The agency's rulings are binding on an ALJ."). Thus, while the SSRs do not have the force of law, they are distinguishable from an internal procedure manual such as the HALLEX. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 n. 1 (9th Cir.2001); *Moore v. Apfel,* 216 F.3d 864, 868–69 (9th Cir. 2000); *Lauer v. Apfel,* 169 F.3d 489, 492 (7th Cir.1999).

 To the degree the HALLEX simply restates an administrative regulation, it is enforceable, of course. Here, however, the HALLEX goes beyond the regulations. Under 20 C.F.R. §§ 404.957(b)(1) and 416.1457(b)(1), an ALJ may dismiss a request for hearing when "[n]either you nor the person you designate to act as your representative appears at the time and place set for the hearing." HALLEX I-2-425(A)–(C) covers this situation. HALLEX I-2-425(D) applies when, "a claimant's representative appears at a scheduled hearing without the claimant," which is a different situation. *Contra McNatt v. Apfel,* 201 F.3d at 1087–88 (HALLEX I-2-425(D) interprets 20 § 404.957(b)). In addition to the obvious distinction between no appearance and an appearance by a representative, the term "essential witness," is central to HALLEX I-2-425(D), but it is absent from the regulation.

Therefore, the Court concludes that the provisions of HALLEX I-2-425(D) do not have the force of law, are not binding on the Defendant, and do not provide a basis for the Court to rule. This is not to say the HALLEX I-2-425(D) provisions are

---

**2.** The ALJ does not explain why Plaintiff was an essential witness. For the reasons stated below, the Court finds that she was not an essential witness for the step-two analysis.

unreasonable. It is well established that disability hearings are not adversarial, and that the ALJ is responsible to develop an adequate record. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997). Given this duty, it is quite sensible for an ALJ to offer to postpone a hearing if an essential witness does not appear to testify.

However, it is equally well-established that the claimant bears the burden of proving a disability. *See id.* The Plaintiff claims she could not prove her disability because she could not give personal testimony, but the Court disagrees. Plaintiff was found not disabled at step two of the five-step sequence. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c). Plaintiff does not argue that her back pain was a severe impediment. *See* Plaintiff's Reply Brief, at 7. Plaintiff restricts her contentions to her mental impairment, and in evaluating such claims of impairment the Defendant uses a special technique. *See* 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). The technique helps the Defendant to: "(1) Identify the need for additional evidence to determine impairment severity; (2) Consider and evaluate functional consequences of the mental disorder(s) relevant to your ability to work; and (3) Organize and present our findings in a clear, concise, and consistent manner." *Id.* The technique is important because, "[a]ssessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitations." §§ 404.1520a(c)(1) 416.920a(c)(1). The Defendant, therefore, depends on

medical or psychological consultants to execute the technique. *See* §§ 404.1512(f) and 416.912(f); §§ 404.1520a(e) and 416.920a(e).

The Defendant could not use the special technique in this case, however, because Plaintiff refused to cooperate with the consultative examination. The Defendant scheduled three examinations, but Plaintiff missed all three appointments. The consulting medical source could only conclude there was insufficient evidence of the Plaintiff's mental limitations. (R. 177.) As the ALJ properly noted, the Plaintiff's other medical evidence was scanty.[3]

The Court concludes, then, that Plaintiff effectively waived her claim of a severe mental impairment long before she failed to appear at the hearing. *See Berna v. Chater,* 101 F.3d 631, 632 (10th Cir.1996) (waiver principles developed in other contexts apply in social security cases). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by *medically acceptable clinical and laboratory diagnostic techniques.*" 20 C.F.R. §§ 404.1508 and 416.908 (emphasis supplied). By not submitting for a consultative psychological examination, the Plaintiff frustrated the Defendant's effort to evaluate her claim by "signs, symptoms and laboratory findings, not just your statement of symptoms." *Id.* Given the lack of medical evidence in the record, which the Plaintiff could not remedy by personal testimony, the Court finds that the ALJ's determination of no severe impediments, either separately or in combination, was supported by substantial evi-

---

3. Plaintiff emphasizes the global assessment of functioning given during the screening at the mental health clinic. The Court recognizes that the standard under step two is de minimis, *Hawkins,* 113 F.3d at 1169, and that under certain circumstances a level of 50 may be evidence of a severe mental impediment. Here, however, both the source of that deter-

mination and the means of evaluation are unknown. A licensed social worker prepared the notes for Plaintiff's screening; licensed social workers are not acceptable medical sources, and they cannot establish whether a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513 and 416.913.

dence. *See* 42 U.S.C. § 405(g); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001).

IT IS THEREFORE ORDERED that the Plaintiff's Opening Brief (Doc. 8), which the Court shall construe as a motion for judgment on the pleadings, is DE-NIED. The decision of the Defendant denying benefits to Plaintiff is AF-FIRMED, and the Complaint (Doc. 1) is DISMISSED.