David **LEWIS**, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant.**

**Civil Action No. 1:04–CV–22.**

United States District Court, E.D. Texas.

April 4, 2006.

David L. Lewis, Beaumont, TX, pro se.

Steven Spencer Packard, Packard Packard et al, Beaumont, TX, for Plaintiff.

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CRONE, District Judge.

The Court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable

law and orders of this Court. The Court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct, and the Report of the United States Magistrate Judge is **ADOPTED.** A Final Judgment will be entered separately, affirming the decision of the Commissioner and dismissing this action.

## *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

HINES, United States Magistrate Judge.

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) (2001) and Loc. R. CV–72 &

1. Supplemental Security Income (SSI) benefits are authorized by Title XVI of the Social Security Act, and are funded by general tax revenues. The SSI program is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. See SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100 (14th ed.2001), *available at* http://www.ssa.gov/OP—Home/handbook. Eligibility is based upon proof of both *indigence* and *disability.* H.R. REP. No. 92–231, (1972), reprinted in 1972 U.S.C.C.A.N. 4989, 5132–5133. See also 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C) (1992 & Supp.2002).

2. ALJ Williams continued the January 21, 2003, hearing to obtain more medical records. He reconvened the hearing on September 8, 2003. See Tr. 202.

App. B, R.1(H) for the Assignment of Duties to United States Magistrate Judges.

## I. NATURE OF THE CASE

Plaintiff seeks judicial review of the Commissioner of Social Security Administration's decision denying his application for Supplemental Security Income benefits (SSI) based on vocational disability.[1] United States district courts may review such decisions. 42 U.S.C. § 405 (2003).

## II. PROCEEDINGS

Plaintiff applied on August 18, 2001 (Tr. 77–80), claiming disability due to *"pain in legs, fatigue, abestos* (sic)*"* (Tr. 91) and also *osteoarthritis* (Tr. 100). Following an initial administrative denial of his claim, plaintiff requested a hearing before an administrative law judge(ALJ) (Tr. 35–36). His claim was assigned to ALJ Harry Williams, who convened hearings in January and September, 2003.[2] At the second evidentiary hearing, plaintiff was represented by attorney Jonathan Healy, Esq.

ALJ Williams received direct testimony from plaintiff, a vocational expert,[3] and a medical expert.[4] The remaining eviden-

3. Dr. Norman Hooge, Ph.D in Health Studies, specializing in mental health. Vocational Experts are utilized by the ALJ to determine complex issues, such as whether a claimant's "work skills can be used in other work and the specific occupations in which they can be used." 20 C.F.R. § 416.966(e) (2005).

4. Dr. Giao N. Hoang, M.D., board certified in internal medicine and practicing as a primary care physician. Tr. 58. A medical adviser, at the request of the Social Security Administration, reviews the claimant's medical records and then gives an expert opinion as to the "nature and severity" of impairments and whether "impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. § 416.927(f)(2)(iii) (2005). When a medical professional functions as an expert witness rather than an adviser in the course of an administrative law judge hearing, Social Se-

tiary record consisted of reports from treating sources [5]; a "Residual Functional Capacity Assessment" completed by a medical consultant who reviewed plaintiff's medical records upon request of Texas Department of Disability Determinations [6]; and a consultative examination report.[7]

### III. Administrative Decision

The Commissioner prescribes a five-step sequential evaluation analysis to aid in determining when claimants are disabled. If a claimant is found disabled at any step, the remaining steps are not considered. 20 C.F.R. § 416.920 (2005). This procedure has judicial approval as a fair and just way for determining disability applications in conformity with the Social Security Act. See *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

ALJ Williams proceeded through all five steps before reaching a decision.[8] He found that plaintiff is not working (Step One) and has severe impairments ("*high blood pressure, osteoarthritis of knees bilaterally, cardiomegaly, brain athropy* (sic), *substance abuse, and obesity*") (Step Two). However, none meet or medically equal the Listing of Impairments (Step Three). He determined that plaintiff has residual functional capacity to perform "less than the full range of light, but more than sedentary work," with certain exertional and nonexertional limitations, but cannot regularly perform his past relevant work (Step Four). Finally, and supported by expert vocational testimony (Tr. 225), ALJ Williams found that plaintiff can perform alternative available work as cubicle cashier and cubicle ticket taker. Tr. 16.

Because he found plaintiff "capable of making a successful adjustment to work that exists in significant numbers in the

curity Ruling 96–6p designates such professional as a "medical expert." Social Security Ruling 96–6p (1996), 1996 WL 374180, at *4 n. 2.

5. Health South Diagnostic Center in Port Arthur, Texas (Tr. 113, 116); Christus St. Elizabeth Hospital in Beaumont, Texas, (Tr. 123, 136, 151); Memorial Hermann Baptist Hospital in Beaumont, Texas (Tr. 165).

6. Dr. R. Reid, M.D., provided the residual functional capacity assessment of record. "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

7. Dr. Frankie Siy, M.D., who specializes in Physical Medicine and Rehabilitation. Tr. 170.

8. The five steps generally are as follows:

I. **Is the applicant currently engaging in substantial gainful activity?** (If so, the inquiry ends.)

II. **Is the applicant's impairment or combination of impairments severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities?** (If not, the inquiry ends.)

III. **Does the applicant's severe impairment(s) equal or exceed those in the Listing of Impairments, 20 C.F.R. Subpt. P, Appendix 1 ("the Listings")?** (If so, disability is presumed; benefits are awarded.)

IV. **Does the applicant's severe impairment(s) prevent the individual from engaging in regular previous employment?** (If so, a *prima facie* case of disability is established and the burden of going forward (to the fifth step) shifts to the Commissioner.)

V. **Can the applicant perform other work which exists in the national economy?** (If so, the burden shifts back to the applicant to show he cannot perform the alternative labor.)

national economy" (Tr. 16), ALJ Williams determined that plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision" (Tr. 18).

## IV. POINTS OF ERROR

Plaintiff's points of error are as follows:

"The Commissioner failed to apply proper principles of law because:

1. *The ALJ failed to properly consider Listing 1.02A*

2. *The ALJ improperly evaluated the Plaintiff's subjective complaints of pain."*

Pl.'s Br. at p. 1. These points require separate and distinct analysis. However, they are entwined in the sense that both challenge ALJ Williams's treatment of plaintiff's *subjective testimony.* The first point asserts that ALJ Williams erred at Step Three—when determining whether plaintiff's impairments meet or equal a Listing for major weight-bearing joint dysfunction—by disregarding plaintiff's testimony regarding effects of osteoarthritis. The second point argues that ALJ Williams erred at Steps Four and Five—when assessing plaintiff's residual functional capacity generally—by failing to compare plaintiff's subjective testimony to certain objective factors as required by regulation.

## V. DISCUSSION

### A. The Listings Determination

Under the sequential analysis, an administrative law judge who determines at Step Two that a claimant has one or more severe impairments must then proceed to Step Three where he compares the claimant's impairments with a Listing of Impairments. "The Listings" is a vernacular term referring to Appendix I, Subpart P, Part 404 of the Regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005). That appendix lists various impairments and indicators of their medical severity.

Impairments in "the Listings" are so severe that they preclude substantial gainful activity. 20 C.F.R. § 416.920(d) (2005); Soc. Sec. R. 88–3c (1988), 1988 WL 236022, at *3. A person whose impairment meets or equals an impairment in the Listing is presumptively disabled. 20 C.F.R. § 416.920(d) (2005); See Soc. Sec. R. 88–3c (1988), 1988 WL 236022, at *7. Accordingly, the Listings function as a short-cut for taking administrative notice of *per se* disability for claimants with listings-level impairments. *Albritton v. Sullivan,* 889 F.2d 640, 642 (5th Cir.1989); *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir.1984) (stating that the "appendix relied upon by the district court is a listing of 'per se disabilities'," citing *Chico v. Schweiker,* 710 F.2d 947, 951 (2d Cir.1983) and 20 C.F.R. § 416.920(d) (2005)).

Listings criteria are demanding and stringent. *Falco v. Shalala,* 27 F.3d 160, 162 (5th Cir.1994). The burden of proof rests with a claimant to provide and identify *medical signs and laboratory findings* that support *all* criteria for a Step 3 impairment determination. *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria"); *Selders v. Sullivan,* 914 F.2d 614, 619 (5th Cir.1990); *Washington v. Barnhart,* 413 F.Supp.2d 784, 793 (E.D.Tex.2006); 20 C.F.R. § 416.926(d) (2005). When a claimant fails to sustain that burden, courts must conclude that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders v. Sullivan,* 914 F.2d at 619–620; *Washington v. Barnhart,* 413 F.Supp.2d at 793. Importantly for this case, a claimant may not establish Listings level severity through subjective testimony. See *Sullivan v. Zebley,* 493 U.S. at 530, 110 S.Ct. 885.

The Listing relevant to this case is Listing 1.02A, "Major Dysfunction of a Joint," which, when a weight-bearing joint is involved, requires among other things a showing of inability to ambulate effectively. Listing 1.00B2b 1 defines ineffective ambulation[9] and gives examples, such as *"inability to walk without the use of a walker, two crutches or two canes, [or] the inability to walk a block at a reasonable pace on rough or uneven surfaces."* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B2b2.

■ The plaintiff testified that he uses a cane or walker to relieve pressure on his knees, and that he cannot walk as far as 50 feet without experiencing pain. Tr. 188–189, 214–215. His testimony substantially tracks the Listings requirements. However, as noted earlier, it alone is insufficient to carry plaintiff's burden of proof because it is subjective. Therefore, ALJ Williams committed no legal error in his consideration of the evidence at Step Three unless other medical evidence or laboratory signs establish that plaintiff's osteoarthritis meets or exceeds the level of severity of the Listing.

Unfortunately for plaintiff, no medical findings or laboratory signs corroborate his testimony. To the contrary, Dr. Frankie Siy, M.D., who performed an orthopedic consultative examination, concluded that plaintiff "is currently independent in his activities of daily living *and ambulation."* Tr. 172 (emphasis added). Further, Dr. Giao N. Hoang, M.D. testified that plaintiff's osteoarthritis fails to meet or equal a listed impairment. Tr. 223. Plaintiff's first point of error therefore fails.

### B. The Residual Functional Capacity Determination

When sequential analysis proceeds beyond Step Three to Steps Four and Five, an administrative law judge must make a *residual functional capacity* assessment.[10] That is, an administrative law judge decides whether an applicant, notwithstanding severe impairment, retains physical and mental ability to perform activities generally required by competitive, remunerative work. *See* 20 C.F.R. 404.1545; Social Security Ruling 96–8p, 61 F.R. 34474 (July 2, 1996). The judge assesses the applicant's physical, mental, and sensory abilities, evaluates how they apply to the applicant's work-related functioning, and finally considers whether the applicant can sustain work-related activities in a work setting on a regular and continuing basis. *Id.*

■ A judge must consider all of the evidence. With respect to subjective evidence, the Commissioner attempts by regulation to establish an analytical rubric whereby adjudicators can reach fair results with substantial consistency. Regulation 20 C.F.R. § 416.929(c)(3) instructs adjudicators to conduct a seven-factor analysis when determining the credibility of a claimant's subjective complaints of pain. The adjudicator compares subjective testimony with certain objective factors, specifically:

(1) daily activities;

(2) location, duration, frequency and intensity of pain or other symptoms;

(3) precipitating and aggravating factors;

---

**9.** "Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B2b1 (2005).

**10.** Residual functional capacity is defined as "what you can still do despite your limitations." 20 C.F.R. § 416.945(a).

(4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms;

(5) treatment, other than medication, undertaken to relieve pain or other symptoms;

(6) any other measures used to relieve pain or other symptoms; and

(7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

Since substantive regulations have the force and effect of law, failure to employ the seven-factor analysis when assessing credibility of subjective complaints constitutes legal error. *Compare Donahue v. Barnhart,* 279 F.3d 441, 444 (7th Cir.2002) (Failure to follow regulation constitutes legal error); *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990) (Failure to follow standard established by regulation constitutes legal error).

■ Further, the Commissioner instructs administrative adjudicators to make specific credibility findings regarding subjective testimony. Social Security Ruling 96–7p states:

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. *This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.*"

Soc. Sec. R. 96–7p (1996), 1996 WL 374186, at *1 (italics added). Although the Commissioner's interpretive rules and general statements of policy do not have the force and effect of law, when an agency violates its own rules and prejudice results, the proceedings are tainted and any actions resulting from the proceeding cannot stand. *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir.1981) (citing *Pacific Molasses Co. v. Federal Trade Commission,* 356 F.2d 386 (5th Cir.1966)). A claimant establishes prejudice by showing that adherence to the ruling might have led to a different decision. *Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000) (citing *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir.1995)).

■ Finally, governing circuit precedent independently establishes a similar but more limited duty to make specific credibility findings in certain situations. When the evidence as a whole *clearly supports a disability application,* an administrative law judge must give reasons for rejecting the claimant's subjective testimony regarding pain. In *Falco v. Shalala,* the court stated:

"*[W]hen the evidence clearly favors the claimant,* the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain."

*Id.,* 27 F.3d at 163 (italics added). See also *Abshire v. Bowen,* 848 F.2d 638, 642 (5th Cir.1988) (holding that when *uncontroverted* medical evidence shows a basis for claimant's pain, an ALJ's unfavorable credibility evaluation will not be upheld on judicial review absent "articulated reasons for discrediting the claimant's subjective complaints of pain"). However, in recording credibility choices, an administrative law judge is not required to "follow formalistic rules in his articulation." *Falco v. Shalala,* 27 F.3d at 163.

Plaintiff argues that ALJ Williams erred by only briefly summarizing plaintiff's testimony, and by failing to provide meaningful analysis or consideration of the required regulatory factors. Particularly, plaintiff faults ALJ Williams for failing to evaluate factors which precipitate and aggravate plaintiff's pain, *viz.,* pain upon

standing or walking, necessity for a cane or walker. Pl.'s Br. at p. 12. Further, in a rare instance of consensus, the Commissioner concedes that ALJ Williams's credibility analysis was "less than perfect." Deft.'s Br. at p. 7.

Independent review confirms a sloppy job by ALJ Williams in articulating his consideration of plaintiff's subjective complaints. However, the court cannot indulge petulance and reverse solely on the basis of an unprofessional work product. As the Fifth Circuit has observed in an analogous circumstance, failure to expressly list or refer to each issue does not mean that the judge did not consider them. Every fact element that could affect a judge's analysis may not be present in every case. Even when all relevant facts are present, a judge is not constrained to refer to them specifically. *See, e.g., Wildbur v. ARCO Chemical Co.,* 974 F.2d 631, 644 (5th Cir. 1992).

Therefore, when, as here, a reviewing court is faced with an administrative law judge's haphazard and annoying discussion of subjective testimony, the court must examine the decision to determine whether it clearly reflects that it was made without regard to applicable law. Such examination fails to disclose clear error in this case. First, ALJ Williams clearly was conscientious, electing to obtain additional medical records and convene a second evidentiary hearing before issuing a decision. Second, he cited the governing regulation and ruling, thus indicating his familiarity with the law and his intent to follow it. ALJ Williams stated:

> In making this assessment, the undersigned must consider all symptoms, including pain . . . *based on the require-ments of 20 CFR § 416.929, and Social Security Ruling 96–7p.*

Tr. 13 (emphasis added).

Third, while ALJ Williams did not engage in a meticulous discussion of each regulatory factor, his decision is sufficiently specific to make clear that the regulatory factors were considered. *See Shave v. Apfel,* 238 F.3d 592, 595 (5th Cir.2001) (finding that the *context* of the ALJ's decision reflects adequate consideration of a regulatory factor: use of pain medication). ALJ Williams observed that plaintiff watches television and sits outside during the day, and he no longer drives but instead travels by bus (factor 1). Tr. 14. He recorded plaintiff's complaints "that he was unable to work because his legs give out, his back hurts, he has shortness of breath and he cannot walk far" (factor 2 and 3). *Id.* ALJ Williams noted that plaintiff "takes aspirin for his pain and he cannot afford the high blood pressure medication" (factor 4). *Id.* He noted that plaintiff "had knee surgery in 1984 or 1985" (factor 5). *Id.* He noted plaintiff's allegations that he "has to have a cane and he uses a walker at home" (factor 6). Finally, ALJ Williams noted plaintiff's testimony that plaintiff's work attempts have been unsuccessful because "it would take a week to recover from one day of work" (factor 7). *Id.*

Fourth, after considering plaintiff's subjective complaints, ALJ Williams made a finding about the credibility of plaintiff's statements about his symptoms and their resulting functional limitations. He found plaintiff's subjective complaints to be "generally credible." Tr. 15. ALJ Williams believed that plaintiff experiences pain which limits his ability to stand and walk, and restricts him from performing the full range of light work. *Id.* ALJ Williams then elicited expert vocational testimony regarding light work which plaintiff can perform despite his limited ability to stand and walk.[11] Tr. 226.

---

11. ALJ Williams committed no error in relying on the vocational expert's testimony to find that plaintiff can perform alternative work. See *Fields v. Bowen,* 805 F.2d 1168,

Finally, this is not a case in which governing circuit law required ALJ Williams to provide a more explicit credibility finding. This is not a case in which all the evidence clearly favored the claimant's application. It is not a case where uncontroverted medical evidence established a basis for the plaintiff's subjective complaints.

For all these reasons, plaintiff's second point of error also fails.

## VI. RECOMMENDATION

The Commissioner's decision should be affirmed.

## VII. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

March 17, 2006.

---

1170 (5th Cir.1986) ("A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job"); see *also Carey v. Apfel,* 230 F.3d 131, 145 (5th · Cir.2000); *Vaughan v. Shalala,* 58 F.3d 129, 132 (5th Cir.1995).