[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15630
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01947-TGW

ERIN WELLS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.


PER CURIAM:

Erin Wells appeals the district court's affirmance of the Commissioner of Social Security's ("Commissioner") denial of child's insurance benefits based on Wells's father's Social Security retirement benefits, pursuant to 42 U.S.C. § 405(g). On appeal, Wells argues that her application was timely because the Social Security Administration ("SSA") did not properly close out her protective filing date established by her father's 1998 application for retirement benefits, as required by the SSA's Program Operations Manual System ("POMS"). After thorough review, we affirm.

"In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation omitted). Under the Social Security Act, a child of an individual entitled to old-age benefits may be eligible to receive child's insurance benefits. 42 U.S.C. § 402(d). To obtain child's insurance benefits, the claimant must file an application while she is unmarrried and either: (1) under 18 years of age or a full-time elementary or secondary school student under 19 years of age, or (2) suffers from a disability. 42 U.S.C. § 402(d)(1)(A) & (B).

2

The SSA has promulgated the POMS as "publicly available operating instructions for processing Social Security claims." Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385 (2003). The Supreme Court has noted that "these administrative interpretations are not products of formal rulemaking." Id. at 385. In the context of reviewing the Commissioner's calculation of disability benefits under the Social Security Act's windfall elimination provision, we have stated that, although the SSA's POMS can be persuasive, it does not have the force of law. Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir. 2003).

In this case, the Administrative Law Judge's ("ALJ") decision was based on proper legal standards because he correctly concluded that the POMS does not have the force of law, and, therefore, the Commissioner's alleged failure to adhere to the POMS does not entitle Wells to child's insurance benefits. See Keffeler, 537 U.S. at 385 (stating that the POMS's interpretations "are not products of formal rulemaking"); Stroup, 327 F.3d at 1262 (concluding that the POMS does not have the force of law). Furthermore, Wells's reliance on Hall v. Schweiker, 660 F.2d 116 (5th Cir. 1981),[1] is misplaced, because, unlike the ruling at issue in Hall, the POMS does not constitute formal rules that bind the SSA. See Keffeler, 537 U.S. at 385; Hall,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

660 F.2d at 119 n.4 (addressing Social Security Ruling 79-19 and noting that Social Security Rulings "are binding on all components of the Administration") (quotations omitted). Moreover, the POMS at issue in this case does not relate to Wells's procedural rights at a hearing before the ALJ. Thus, the Commissioner did not violate any rule, and the results of the hearing before the ALJ may stand. See Hall, 660 F.2d at 119. In addition, because the POMS does not have the force of law and a violation of the SSA's internal guidelines does not entitle Wells to the relief she seeks, we need not address whether the Commissioner adhered to the POMS.

Finally, substantial evidence supported the Commissioner's denial of child's insurance benefits because the record demonstrated that Wells was not statutorily eligible for those benefits. When she filed her application in 2003, Wells was over 18 years of age, was not a full-time elementary or secondary school student, and was not disabled. Accordingly, substantial evidence supported the Commissioner's denial of child's insurance benefits.

**AFFIRMED.**