[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11432
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00889-CLS

LISA HOWARD,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 14, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Lisa Howard appeals from the district court's judgment affirming the

Commissioner of the Social Security Administration's ("Commissioner") denial of

her application for a period of disability and disability insurance benefits, pursuant to 42 U.S.C. § 405(g). On appeal, Howard contends that the Appeals Council ("AC") erred when it did not accept all of the additional evidence that Howard submitted, in the first instance, to the AC. Howard also argues that the AC's written denial of review failed to show that it adequately evaluated Howard's additional evidence that the AC had accepted. Howard further contends the district court improperly failed to remand her case to the AC.

The "final" decision of the Commissioner is subject to judicial review. 42 U.S.C. § 405(g). We review *de novo* the Commissioner's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1260 (11th Cir. 2007). With a few exceptions, the claimant is allowed to present new evidence at each stage of the administrative process. *Id.* at 1261. The AC must consider new, material, and chronologically relevant evidence and must review the case if the Administrative Law Judge's ("ALJ") action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id.* When the AC refuses to consider new evidence submitted to it and denies review, as in the instant case, that decision is subject to judicial review because it may amount to an error of law. *Keeton v. Department of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). We will reverse where the Commissioner fails to apply the correct law or to provide us with sufficient reasoning to allow us to determine that the proper legal analysis has

2

been conducted. *Id.* at 1066.  We have held that if an agency in its proceedings violates its rules and prejudice results, the proceedings are tainted and any actions resulting from the proceeding cannot stand. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. Unit A Sept. 1981).

We review the Commissioner's decision to determine whether it is supported by substantial evidence. *Ingram*, 496 F.3d at 1260.  We must affirm a decision that is supported by substantial evidence even if the evidence preponderates against the ALJ's findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1158.  Moreover, we may not reweigh the evidence or substitute our judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled. *Id.*  A claimant must show that (1) she is not performing substantial gainful activity; (2) she has a severe

3

impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) she cannot return to past work; and, (5) if the Secretary identifies other work, she cannot perform other work based on her age, education, and experience. 20 C.F.R. § 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). The ALJ must assess and make a finding about the claimant's residual functional capacity based on all of the relevant medical and other evidence in the case. *Id.* at 1238.

In *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980), the claimant submitted significant post-hearing evidence of disability. The *Epps* Court observed that the AC had merely noted that it had considered additional evidence that was submitted to it and nonetheless had found the ALJ's decision to be "correct." Based on that observation, the *Epps* Court determined that the AC perfunctorily adhered to the decision of the hearing examiner. Such a failure alone made us unable to hold that the Commissioner's findings were supported by substantial evidence and required us to remand the case for a determination based on the total record. In *Epps*, we also determined that the ALJ's decision did not properly consider the disabling effect of the claimant's necessary, ongoing treatment regimen. *Id.* Nevertheless, when a claimant properly submits additional evidence to the AC, a reviewing court must consider the entire record, including

the additional evidence submitted to the AC, to determine whether the denial of benefits was substantially erroneous. *Ingram,* 496 F.3d at 1262.

We review *de novo* the judgment of the district court. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Section 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods, which are commonly denominated Sentence Four remands and Sentence Six remands, each of which remedies a separate problem. *Ingram*, 496 F.3d at 1261. The fourth sentence of § 405(g) provides the federal court power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing. The sixth sentence of § 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

When a case is remanded, the AC may make a decision, or it may remand the case to an ALJ with instructions to take action and issue a decision or return the case to the AC with a recommended decision. If the case is remanded by the AC to the ALJ, the process starts over again. If the case is decided by the AC, then that decision is subject to judicial review. *Id.* Remand is appropriate when a district

5

court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67.

The ALJ's decision was supported by substantial evidence, and none of Howard's additional evidence contradicted the ALJ's decision. Thus, first, even if the AC improperly failed to consider some of Howard's additional evidence, any error was harmless because we independently reviewed all submitted evidence. Second, for the same reason, any shortcoming in the AC's articulation of its rationale for adopting the ALJ's decision was, at most, harmless. Third, Howard has failed to show that the district court erred because Howard's additional evidence did not warrant a remand.

**AFFIRMED.**